IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEXTER POUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) 3:21-cv-00846 |
| | ) **JURY DEMAND** |
| CONTINENTAL CARBON COMPANY, INC., | ) |
| | |
| Defendant. | |

## **COMPLAINT**

### **I. JURISDICTION**

1. This is a suit for employment discrimination instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq*. The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(a)(4).

2. Plaintiff Dexter Pough ("Plaintiff") timely filed his charge of discrimination against defendant Continental Carbon Company, Inc. ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of his right-to-sue letter from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Phenix City, Russell County, Alabama.

4. Defendant is a corporation based in Houston, Texas. Defendant owned and operated a manufacturing facility in Phenix City, Russell County, Alabama at all times relevant to this case.

## III. FACTS

5. In or about August of 2010, Plaintiff became employed by Defendant at its plant in Phenix City, Alabama.

6. In the summer of 2020, Plaintiff's mother was sick with throat cancer and was unable to care for herself.

7. Plaintiff's sister, who was also going through cancer, was the primary care giver for their mother.

8. Plaintiff's sister was assisted by her children, who were in their late teens and early twenties.

8. Plaintiff's mother and sister lived in Phenix City.

9. In or about August of 2020, the Plant Manager at the Phenix City plant was Rahul Mago.

10. On or about August 13, 2020, Plaintiff's mother was scheduled for a medical procedure to be done regarding her cancer on August 24.

11. Plaintiff's sister asked Plaintiff if he could take care of their mother August 28 to September 1 because she (his sister) had to go to Atlanta to get chemotherapy for her own cancer and her children were going back to school in another city.

12. On or about August 14 or 17, 2020, Plaintiff explained the situation to Mago: that his mother had throat cancer; that she was unable to care for herself; that his sister was her primary care giver but was dealing with cancer herself; that his mother had a procedure for her cancer scheduled for August 24; and that he needed to take off work from August 28 through September 1 because his sister would be in Atlanta for chemotherapy treatment for her own cancer during that time and there would be no one to take care of their mother.

13. Mago told Plaintiff that he would have to get FMLA leave to cover it and to talk to Christine Woods, the Human Resources Manager at the plant, about it.

14. Plaintiff went to Woods and told her the situation, as set forth above.

15. Woods told Plaintiff that it was too late to get FMLA to cover the absences and that he would have to use emergency vacation days.

16. Plaintiff told Woods that he would also have to take some more time off at a later point to care for his mother.

3

17. Woods told Plaintiff to talk to Mago about that.

18. Plaintiff then told Mago about his conversation with Woods, including his needing more time off from work in the future to care for his mother.

19. Mago told Plaintiff that he would not have any more vacation days left after taking off August 28 through September 1.

20. Plaintiff got a vacation request form from his supervisor, filled it out, and submitted it to the plant Human Resources office requesting emergency vacation days from August 28 to September 1.

21. Defendant approved Plaintiff for the emergency vacation days.

22. Plaintiff took those days off from work and cared for his mother during that period.

23. On or about September 2, 2020, Plaintiff returned to work.

24. On or about September 4, 2020, Plaintiff was told at the end of his shift to go to the front office.

25. Plaintiff went to the office, and Woods, Mago, and Lamar Mitchell, a union representative, were there.

26. Mago said that they had done "an investigation" and that Plaintiff's mother's doctor's office reported that the day Plaintiff's mother's medical procedure was done did not match the days for which Plaintiff had requested to be off.

27. Mago said that Plaintiff was therefore terminated for submitting "fraudulent paperwork" to get the emergency vacation days from August 28 to September 1.

28. The asserted reason for terminating Plaintiff was false.

29. Plaintiff had never said that the days he wanted off from work included the day his mother had the medical procedure.

30. Plaintiff had told Mago and Woods that the procedure was on August 24.

31. Plaintiff had further submitted paperwork to Woods attesting to this.

32. One or more people involved in the decision to terminate Plaintiff knew that the reason given for his termination was false and that Plaintiff had properly requested and taken time off from work.

## IV. CAUSES OF ACTION

### COUNT I

### ADA

33. Paragraphs 1-32 above are incorporated by reference.

34. Defendant was an employer as that term is contemplated under the ADA during the events of this case.

35. Plaintiff's mother's throat cancer constituted a physical impairment under the ADA during the events of this case.

36. Due to this impairment, Plaintiff's mother was substantially limited with respect to the major life activities of normal cell growth and the operation of her digestive and immune systems, as well as the operation of an organ within her digestive system.

37. Plaintiff's mother was during the events of this case disabled under the ADA.

38. Defendant violated Plaintiff's rights under the ADA by terminating his employment because of his association with his disabled mother.

39. Plaintiff pleads both a single-motive and mixed-motive theory.

40. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him into the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay and lost benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## FMLA

41. Paragraphs 1-32 above are incorporated by reference.

42. Defendant was a covered employer under the FMLA during the course of events set forth above.

43. Plaintiff was an eligible employee under the FMLA during the course of events set forth above, to-wit:

(a) Plaintiff had been employed by Defendant for at least 12 months prior to the events at issue;

(b) Plaintiff had worked at least 1,250 hours in his service to Defendant in the 12 months prior to the events at issue; and

(c) Plaintiff was employed at a worksite where 50 or more employees were employed by Defendant within 75 miles.

44. Plaintiff's mother's throat cancer constituted a serious health condition under the FMLA in that it involved continuing treatment by a health care provider as defined in 29 C.F.R. §825.115(a),(c), (d), and/or (e).

45. Plaintiff's request for leave as set forth above constituted a request for protected leave to care for a family member under the FMLA pursuant to 29 C.F.R. §825.124 and for a parent pursuant to 29 C.F.R. §825.201.

46. In reporting to Defendant the need for his taking off work from August 28 to September 1, 2020 as set forth above, Plaintiff met his obligation of apprising Defendant as soon as was practicable that his absences likely constituted FMLA-qualifying unforeseeable leave pursuant to 29 C.F.R. §825.303.

47. Alternatively, in reporting to Defendant the need for his taking off work from August 28 to September 1, 2020 as set forth above, Plaintiff met his obligation

of apprising Defendant as soon as was practicable that his absences likely constituted FMLA-qualifying foreseeable leave pursuant to 29 C.F.R. §825.302.

48. Further, Plaintiff's advising Defendant that he would need additional time off from work in the future to care for his mother constituted protected conduct under the FMLA pursuant to 29 C.F.R. §825.220.

49. In terminating Plaintiff, Defendant violated his rights under the FMLA by (a) interfering with his right to take leave covered by the FMLA, and/or (b) retaliating against him for availing himself of his rights under the FMLA.

50. Defendant knew, or showed reckless disregard for whether, its act of terminating Plaintiff violated the FMLA.

51. Defendant acted in willful violation of the FMLA.

52. As a result of the above described unlawful act, Plaintiff has been made to suffer lost wages and benefits.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions violated the FMLA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating Plaintiff's FMLA rights;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him in the position he would have occupied in the absence of Defendant's violation of his FMLA rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment, and ordering Defendant to pay liquidated damages;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

_____
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

_____
Attorney for Plaintiff

Defendant's Address:
Continental Carbon Company, Inc.
c/o C T Corporation System, Registered Agent
2 North Jackson St., Suite 605
Montgomery, AL 36104